[No. 33352. Department Two. April 26, 1956.]

CLAUDE ESTES *et al., Appellants,* v. ELIZABETH ESTES *et al., Respondents.*[1]

*Kimball & Clark,* for appellants.

*Hughes & Jeffers,* for respondents.

MALLERY, J.—This is an action for a declaratory judgment to establish W. B. and Elizabeth Estes' oral contract to devise by will their wheat ranch, in Douglas county, to their son, Claude Estes.

The trial court found that plaintiffs, Claude Estes and wife, had failed to produce the degree of proof required to establish this kind of a contract.

The plaintiffs appeal and assign error to the trial court's finding as to the insufficiency of their evidence.

Respondent Elizabeth Estes and her husband, W. B. Estes, now deceased, had grown too old to operate the ranch, and, in 1933, moved to Wenatchee. The appellants took over the

[1]Reported in 296 P. (2d) 705.

operation of the ranch. For about three years they worked for wages, and thereafter they leased the ranch on a share-crop basis.

Appellants contend that, in 1933, they made an oral contract to live on and operate the ranch on a share-crop basis as long as the parents lived, and, in consideration thereof, the parents contracted to make wills devising the ranch to appellant Claude Estes.

Appellants contend that the parents implemented the contract by making similar wills in 1944 confirmatory thereof. The will of W. B. Estes provided, *inter alia*:

"SECOND: All of my property . . . I give and bequeath unto my wife, Elizabeth Estes; provided that in the event my wife's death precedes mine, I provide as follows:

"a. If my son, Claude, has continued to occupy our wheat ranch . . . and paid the crop rental of one-third promptly up to the time of my death, then I provide that the wheat ranch . . . shall become his property absolutely; . . .

"c. In the event my son does not want to accept the wheat ranch . . ., then I provide that all of the property which I possess . . . shall be divided equally among my children . . ."

The will was drawn by attorney Sumner. He testified:

"A. I remember the instance very plainly for the reason that Mr. Estes came in with Claude and there discussed with me the question of what he wanted to do in preparing a Will. First, as I remember it, the thought was that in some way they wanted to protect Claude and his wife because they'd spent all their lives, you might say, since the first World War on the place, and they wanted to have Claude feel that he would get the place when the Esteses, the father and mother, were through with it. And so I prepared the Wills, as I remember it, having that thought in mind. Q. Did he explain to you what had been their relationship, Mr. Sumner, prior to that time, insofar as it pertained to the ranch? A. Well, the relationship there had been one in which Claude had operated the place all these years, and Claude was getting to the point where he wanted some understanding in the matter, as I remember it, and so I undertook to comply with that understanding by virtue of the execution of the instrument. In other words, the understanding being that Claude would get this place. . . . Q. In other

words, Mr. Sumner, you drafted the Will pursuant to what they had told you was their agreement, is that right? A. That's right. Q. And what was said, if anything, about the continued operation of the farm? A. Well, Claude was to remain on the place and operate it. Q. Until such time as the parents passed away, is that right? A. That's right."

The fair intendment of this testimony is that appellant Claude Estes and his father "agreed" to what was to be put in the will. The provisions of the will, however, are not confirmatory of the existence of the particular contract alleged in the complaint, or, in fact, of any contract at all. The will is not such a confirmation of the alleged contract as to bring it within the purview of *Ellis v. Wadleigh,* 27 Wn. (2d) 941, 182 P. (2d) 49, relied upon by appellants. The will does not indicate a promise by appellant Claude Estes to stay on the ranch or even to accept it instead of an equal share of all the property. The language of the will is characteristic of a freely expressed testamentary intent, rather than a compliance with a contractual obligation.

The will was revoked in 1947, and no other document or writing was produced confirmatory of the contract. There is no oral testimony in the record, excepting that of appellants, regarding statements by the parties that are inconsistent with a mere testamentary intent on the part of appellant Claude Estes' parents. Even the appellants did not mention the existence of a contract when they took under the later 1947 will of W. B. Estes, which breached the contract they now assert.

We are not prepared to overrule the trial court's finding that the evidence failed to establish the alleged contract by proof that was conclusive, definite, certain, and beyond legitimate controversy. *Ferris v. Blumhardt, ante* p. 395, 293 P. (2d) 935.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.